# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHON THOMAS, | CASE NO. 1:07-cv-01185-AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR COURT ORDER BE DENIED |
| v. | |
| PEREZ, et al., | (Doc. 10) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FIFTEEN DAYS |

Plaintiff Rayshon Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on August 13, 2007. Pursuant to the court's order issued separately, plaintiff is required to file a second amended complaint or this action will be dismissed.

On June 16, 2008, plaintiff filed a motion seeking a court emergency order requiring "adequate legal technology tools", including law library access, a computer laptop with NexusLexus, research by Legal Research Associates, and access to a copier. Plaintiff complains that the law library is inadequate and that he suffers blisters and pain from writing without a typewriter.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In a separate order issued concurrently with this Findings and Recommendations, the court dismissed plaintiff's first amended complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. Thus, at this point in time, there is no case or controversy before the court, and the court has no jurisdiction to issue any preliminary injunctions. Until and unless the court finds that plaintiff has stated cognizable claims for relief under section 1983 and the defendants against whom the claims are stated have been served and made an appearance in this action, the court will not have jurisdiction to issue any orders awarding the relief plaintiff seeks.

Further, a preliminary injunction does not serve the purpose of ensuring that plaintiff is able to litigate this action effectively or efficiently. The issuance of the order sought by plaintiff in his

motion would not remedy the claims upon which this action proceeds.[1] Accordingly, the court lacks jurisdiction to issue such an order.

Finally, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff is now incarcerated at North Kern State Prison. (Docs. 14, 15). Plaintiff complains of actions undertaken at Madera County Department of Corrections, where he no longer resides. Plaintiff's claim for injunctive relief appears moot.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for a court emergency order requiring prison officials provide him with adequate legal technology tools, filed June 16, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 3, 2009**              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] In the Court's screening order issued separately, the Court found that Plaintiff had again violated Rule 18(a) of the Federal Rules of Civil Procedure by alleging unrelated claims involving different defendants. The Court screened only Plaintiff's second claim for relief, concerning Plaintiff's allegation that he was deprived of milk and was subsequently retaliated against.