**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHON THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>PEREZ., et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-CV-1185-AWI DLB-PC<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 9)<br><br>ORDER DISREGARDING AS MOOT PLAINTIFF'S MOTIONS TO FILE SUPPLEMENTAL PLEADINGS<br><br>(Docs. 11, 12, 13) |

**I. Screening Order**

 **A. Procedural History**

  Plaintiff Rayshon Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 13, 2007. On May 1, 2008, the court dismissed plaintiff's complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 18(a). (Doc. 8.) On June 5, 2008 Plaintiff filed a first amended complaint. (Doc. 9).

 **B. Screening Requirement**

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### C.  Failure to Comply with Rule 18(a)

In the Court's screening order filed May 1, 2008, the Court noted that the bulk of Plaintiff's complaint concerned the conditions of his confinement, particularly with respect to the quality of food served at Madera County Department of Corrections. (Doc. 8, p.3:6-11). However, the Court noted that Plaintiff's complaint contained different causes of action arising from unrelated events involving different defendants. The Court found that Plaintiff was in violation of Rule 18(a) and dismissed Plaintiff's complaint with leave to amend.

Plaintiff's amended complaint does not cure the deficiency identified by the Court in its May 1, 2008 order. Plaintiff's amended complaint again contains allegations concerning different defendants and different events. For example, Plaintiff's first claim for relief concerns an allegation that he was fired from his job on August 29, 2004 as reprisal for complaints filed. Plaintiff also raises allegations of harassment and racial discrimination. Plaintiff names Lt. Perez, Bernie Macias, Robert Chimnkey, C/O Hernandez, C/O Mcintre, Cpl. Rodriguez, Cpl, Stony, Cpl, Zuniga, Sgt.

Followill, C/O Cody, Chief Doug PaPagni collectively violated his rights under the First, Fifth, Eight and Fourteenth Amendments of the United States Constitution.

Plaintiff's second claim for relief then concerns an incident in December 2006 where defendant Garcia refused to order milk for the inmates at dinner, and told Plaintiff to take milk from other inmates. Plaintiff states that he filed a complaint, and then raises an allegation of retaliation. Plaintiff again alleges a violation of his First, Fifth, Eighth and Fourteenth Amendment rights, this time against defendants Garcia, Lt. Perez, Sgt. Gonzales and Doug Papagni.

Plaintiff's third claim for relief then concerns an incident on January 1, 2007, where Plaintiff alleges that he was denied access to the courts by defendant Renee Martinez, Pete Martinez, J. Nobette, Sgt. Saeda, Cpl. Arrezola, Sgt. Fisher and the Madera Department of Corrections Transportation defendants. In total, Plaintiff alleges sixteen separate causes of action.

As was previously explained to Plaintiff, Federal Rules of Civil Procedure 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.". In <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007), the court held:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

Plaintiff may not make unrelated claims involving different defendants in a single action. To do so would allow plaintiff to avoid paying the required filing fees, and would enable plaintiff to preempt the three strikes rule as set in 28 U.S.C. § 1915(g).

Based on a review of Plaintiff's amended complaint, it appears that Plaintiff is unwilling or unable to comply with the Court's order. Plaintiff's amended complaint still contains unrelated claims against unrelated defendants as articulated above. Because the Court previously held that the bulk of Plaintiff's complaint appeared to concern the quality of food provided, this Court will only

///

screen Plaintiff's Second Claim for Relief.[1]  Plaintiff's remaining claims for relief are stricken.  If Plaintiff wishes to pursue his other unrelated claims, he must file separate actions and pay the filing fees for those actions.

**Plaintiff's Second Claim for Relief**

Plaintiff alleges that on December 31, 2006, defendant Garcia refused to provide Plaintiff with milk at dinner as part of a low sodium diet, and instead told Plaintiff to go take milk from other inmates.  Plaintiff alleges that he "served complaint 12/31/06 on c/o garcia and superiors for retaliating with a false rule violation report to punish defendant because of complaint by plaintiff of defendants harassment, misconduct and putting plaintiff at danger and rule violation report was unfounded Defendant Lt. Perez and Sgt. Gonzales - response on emergency complaint grievance is frivolous and the milk was accounted for it should not happen again".

      **a.**      **Eighth Amendment - Conditions of Confinement Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825,847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegation that he was deprived of milk does not rise to the level of a constitutional violation.  Plaintiff fails to state a claim for relief for violation of the Eighth Amendment.

      **b.**      **First Amendment Retaliation Claim**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

---

[1] Plaintiff's amended complaint is also difficult to read.  Although only 17 pages long, Plaintiff has written in small print, and each page contains approximately 41 lines of text on a 28-lined page sheet.  Plaintiff's second claim for relief is the most legible.

4

1  the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
2  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d
3  802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation
4  entails five basic elements: (1) An assertion that a state actor took some adverse action against an
5  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
6  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
7  legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An
8  allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is
9  sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

10  Plaintiff's retaliation claim is incomprehensible. It is not clear from reading his claim who
11  did what to Plaintiff. Even a liberal interpretation of Plaintiff's complaint would not give defendants
12  fair notice of the claims against them and the grounds upon which they are based. Swierkiewicz, 534
13  U.S. at 512. Plaintiff will be provided with one final opportunity to file an amended complaint.
14  Plaintiff must clearly and **briefly** state what each defendant did. Plaintiff is cautioned that in order
15  to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of
16  state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.
17  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

18      **c. Inmate Appeals Process**

19  It appears that defendants Perez and Gonzales responded to Plaintiff's emergency complaint
20  grievance. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted
21  under color of state law and (2) the defendant deprived him of rights secured by the Constitution or
22  federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison]
23  grievance procedure is a procedural right only, it does not confer any substantive right upon the
24  inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568
25  F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no
26  liberty interest in processing of appeals because no entitlement to a specific grievance procedure);
27  Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no
28  liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in

5

reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Plaintiff's allegation that defendants Gonzales and Perez responded to his grievance is insufficient to state a claim for relief.

### d. Supervisory Liability

Plaintiff also alleges supervisory liability against defendants Perez, Gonzales and Papagni. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff fails to state a claim based upon supervisory liability against defendants Perez, Gonzales or Papagni.

### e. Fifth and Fourteenth Amendment Claims

Although Plaintiff alleges violations of the Fifth and Fourteenth Amendments, Plaintiff has not articulated the bases for these claims.

First, "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

Second, if Plaintiff is attempting to raise a Fourteenth Amendment due process claim, Plaintiff

is advised that the Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated.

**II.     Motions to File Supplemental Pleadings**

On June 16, July 30 and October 20, 2008, Plaintiff filed motions to file supplemental pleadings. (Docs. 11, 12, 13). Because the Court shall provide Plaintiff with one final opportunity to file an amended complaint, Plaintiff's motions are moot.

However, the Court provides Plaintiff with the following legal standards to assist him in filing an amended complaint.

Plaintiff filed this action on August 13, 2007. Plaintiff seeks to add additional claims and defendants for actions occurring after the filing of this action. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be

exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

Although Federal Rule of Civil Procedure 15(d) provides for the supplementation of pleadings to set "forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented," in light of section 1997e(a), plaintiff may not use Rule 15(d) to add new and unrelated claims that arose after this suit was filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Allowing plaintiff to supplement to add the claims he seeks to add would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

By this order, Plaintiff will be granted one final opportunity to file a second amended complaint. To the extent that Plaintiff seeks to add new claims **occurring after the filing of this action on August 13, 2007,** he may not do so. As was previously explained, Plaintiff also may not add any further unrelated claims involving different defendants.

### III.   Conclusion

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with one final opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff's second amended complaint must be legible. Plaintiff should make his letters larger and use more spacing, and not attempt to squeeze forty lines of text onto a page with twenty-eight lines.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;

    3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

    4.      Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the second amended complaint; and

    5.      If Plaintiff fails to file a second amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **February 3, 2009**     **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE