# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHON THOMAS, | CASE NO. 1:07-cv-1185-AWI DLB-PC |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. 32) |
| PEREZ., et al., | ORDER STRIKING SECOND AMENDED COMPLAINT |
| Defendants. | (Doc. 27) |
| | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COMPLAINT FORM |
| | THIRD AMENDED COMPLAINT DUE IN THIRTY (30) DAYS |

## I.  Procedural History

Plaintiff Rayshon Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 13, 2007. On May 1, 2008, the court dismissed Plaintiff's complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 18(a). (Doc. 8.) On June 5, 2008 Plaintiff filed a First Amended Complaint. (Doc. 9.) On February 4, 2009, the Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A(a). The Court found that Plaintiff had again failed to comply with Rule 18(a). The Court screened only Plaintiff's second claim for relief, and found that Plaintiff failed to state a claim upon which relief may be granted.  Plaintiff was then

ordered to file a Second Amended Complaint. (Doc. 18.)

On June 12, 2009, Plaintiff filed a Second Amended Complaint. (Doc. 27.) On July 2, 2009, Plaintiff filed a document entitled "Notice of Motion and Motion to Consolidate All Events of Claims That Are Related Events of Different Defendants of Plaintiffs Whole Confinement 6 to 7 Years. Fed. R. Civ. P. 42(a)." (Doc. 32.)

**II.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.    Motion to Consolidate (Doc. 32.)**

Plaintiff alleges ten separate claims for relief in his Second Amended Complaint. (Doc. 27.) Plaintiff moves to proceed with all claims alleged in his Second Amended Complaint in this instant action. Plaintiff acknowledges that the claims involve different defendants; nonetheless, he asserts

that he should be permitted to proceed because the events/incidents all occurred during a six to seven year period of confinement at the same institution. Plaintiff argues that the incidents upon which his claims arise demonstrate "a nexus of systematic harassment". (Doc. 32, p.1:26.) Plaintiff also asserts that to proceed otherwise would be an economic hardship and cause delay.

As stated in the Court's screening order of Plaintiff's First Amended Complaint:

> As was previously explained to Plaintiff, Federal Rules of Civil Procedure 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.". In <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007), the court held:
>
>> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).
>
> Plaintiff may not make unrelated claims involving different defendants in a single action. To do so would allow plaintiff to avoid paying the required filing fees, and would enable plaintiff to preempt the three strikes rule as set in 28 U.S.C. § 1915(g).
>
> (Doc. 18, p.3:12-23.)

Plaintiff continues to allege different claims against different defendants in his Second Amended Complaint. The discrete events giving rise to his claims span over a period of several years. Several of the claims also involve different legal issues. The Court finds no reason to consolidate these claims into a single action.

The fact that Plaintiff will be required to pay additional filing fees is not a sufficient reason to allow unrelated claims to proceed in a single action. <u>George</u>, 507 F.3d at 607. In effect, Plaintiff is requesting that he be relieved of compliance with the Federal Rules and with court orders because it would cause him delay and expense.[1] All parties who litigate in this Court must comply with the

---

[1] Plaintiff argues but submits no evidence showing how additional delay would result.

3

1  Federal Rules of Civil Procedure and with court orders.  Plaintiff is no exception.

2  Accordingly, Plaintiff's motion, filed July 2, 2009, is DENIED.

**IV.    Order Striking Second Amended Complaint**

Plaintiff's Second Amended Complaint is in violation of Rule 18(a).  In the Court's previous screening order Plaintiff was expressly warned, "Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the second amended complaint." (Doc. 18, p.10:3-5.)

Therefore, Plaintiff's Second Amended Complaint is HEREBY ORDERED STRICKEN. The Court will grant Plaintiff one **final** opportunity to file an amended complaint that is in compliance with Rule 18(a).

The Clerk of the Court is HEREBY DIRECTED to send Plaintiff a complaint form. Plaintiff's Third Amended Complaint is due within thirty (30) days of service of this order.

<u>Failure to comply with this Court order will result in the recommendation that this action be dismissed for failure to obey a court order</u>.


IT IS SO ORDERED.

Dated:   **August 19, 2009**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE