# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHON THOMAS, | CASE NO. 1:07-CV-01185-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS (DOCS. 50, 51) |
| v. | |
| PEREZ, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER |
| Defendants. | |
| / | OBJECTIONS DUE WITHIN 21 DAYS |

**Findings And Recommendation**

I.  **Background**

Plaintiff Rayshon Thomas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on August 13, 2007. On May 1, 2008, the Court dismissed Plaintiff's complaint for alleging multiple unrelated claims against multiple defendants, with leave to file an amended complaint. On June 5, 2008, Plaintiff filed his first amended complaint. On February 4, 2009, the Court dismissed Plaintiff's first amended complaint for alleging multiple unrelated claims against multiple defendants. The Court also screened Plaintiff's second claim of relief, and found that it failed to state a claim. Plaintiff was provided with leave to file a second amended complaint. On June 12, 2009, Plaintiff filed a second amended complaint which included more unrelated claims. The Court had previously warned Plaintiff against such filings. Plaintiff also filed a motion to consolidate all his claims from the past 6 to 7

years while incarcerated.  On August 19, 2009, the Court denied Plaintiff's motion.  The Court also struck the second amended complaint.  Plaintiff was provided one final opportunity to file a third amended complaint in compliance with the Court's orders.

Plaintiff subsequently filed numerous motions for extensions of time, and complained of the denial of "legal technology tools," including access to a laptop, copying services, and an adequate law library.  The Court granted Plaintiff until September 27, 2010 in which to file his third amended complaint.

Pending before the Court are Plaintiff's motions for extension of time, filed September 14, 2010 and September 27, 2010.

## II.     Motions For Extension Of Time

Plaintiff contends that the undersigned is denying him due process and access to the courts.  Plaintiff contends that the undersigned refused to send Plaintiff a copy of his complaint.  Plaintiff contends that he should be allowed to file as many as claims against as many defendants as he chooses, whether or not they are related claims.

Plaintiff is not allowed to plead unrelated claims against unrelated defendants.  An examination of Plaintiff's dismissed second amended complaint indicates discrete events against unrelated defendants, involving different legal issues.  Plaintiff is not allowed to make unrelated claims involving different defendants in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *see George v. Smith*, 507 F.3d 603, 607 (7th Cir. 2007).

Plaintiff moves for a ninety-day extension of time.  However, Plaintiff has received numerous extensions of time previously to cure the deficiencies identified by the Court.  Plaintiff repeats the same arguments he has raised previously, which were denied.  Plaintiff simply refuses to comply with the Court's order regarding Plaintiff's pleadings, which is not good cause for any further extensions of time.  The Court will recommend denial of any extension of time.

## III.    Access To Technology Tools

In his motion for extension of time, Plaintiff also requests access to legal technology tools, including a laptop, copier, and adequate access to the law library at Calipatria State Prison.  The Court construes this as a motion for preliminary injunctive relief.

2

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 129 S. Ct. at 376. An injunction may only be awarded upon a clear showing that the movant is entitled to relief. *Id.*

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff's claims arise out of Madera County Department of Corrections. Plaintiff is currently incarcerated at Calipatria State Prison, which is not a part of this action. The Court has no jurisdiction to enforce an injunction against a party not before it. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

### III. Failure To Obey A Court Order

Plaintiff has received numerous extensions of time to file a third amended complaint, but has failed to do so. There is no operative pleading in this action.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including,

where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. Plaintiff has received numerous extensions of time, but has failed to file a third amended complaint in compliance with the Court's previous orders. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff was warned previously that failure to comply will result in a

recommendation of dismissal of this action, and that no extensions of time would be granted. Accordingly, the undersigned recommends dismissal of this action for failure to obey a court order.

### IV.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that

1.   Plaintiff's motions, filed September 14, 2010, and September 27, 2010, be DENIED; and

2.   This action be DISMISSED with prejudice for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 9, 2010                     /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE